UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

ANTHONY GERALD JOHNSON, |
|
   Petitioner, | Civil Action No. 09-52-HRW
|
v. |
|
E.K. CAULEY, | **MEMORANDUM OPINION**
| **AND ORDER**
   Respondent. |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Anthony Gerald Johnson is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Johnson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and paid the $5 filing fee.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In 1996, Johnson was convicted by a jury of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to a 372-month term of incarceration. *United States v. Johnson*, 95-CR-249, Middle District of North Carolina [R. 121,

187 therein]. In his petition, Johnson asserts that he is "actually innocent" of the sentence imposed for his criminal conviction, because his sentence was enhanced as an armed career criminal pursuant to United States Sentencing Guideline 4A1.1(d) based upon a prior state conviction, but that this conviction was subsequently vacated by the state court on March 7, 2008.

Johnson asserts that his challenge to his *sentence* -- as opposed to his conviction -- is cognizable under Section 2241 pursuant to *Poole v. Dotson*, 469 F.Supp.2d 329 (D.Md. 2008), and because his remedy under Section 2255 is "inadequate and ineffective" in light of the Fourth Circuit's recent denial of his request to file a second or successive 2255 motion based on this information. *In re: Johnson*, 09-111, Court of Appeals for the Fourth Circuit [R. 2, 4 therein]

In *Poole*, the petitioner filed a Section 2241 habeas corpus petition in the district of his conviction, notwithstanding his permanent physical custody in a federal prison in Kentucky, having procured his temporary physical custody in Maryland through an order of the presiding district court judge. The petitioner sought a reduced sentence because a state court had revised a prior criminal judgment which had been used to enhance his federal sentence under the sentencing guidelines. The district court noted that the Fourth Circuit had already denied the petitioner's motion to file a second or successive Section 225 motion based upon this new information, and that this Court had denied a prior habeas petition asserting the same claim as not cognizable under Section 2241. *Poole v. Barron*, 04-CV-95-KKC, Eastern District of Kentucky [R. 4 therein] The district court reviewed both the state court's criminal proceedings which resulted in a change in the petitioner's criminal history and the petitioner's efforts in the federal courts to request a reduced sentence in light of that change. The court then found that (1) it possessed jurisdiction over the petition notwithstanding the "immediate custodian" rule; (2) the claim was cognizable in Section 2241 because his remedy under Section 2255 had proved ineffective; and (3) the petition should be granted on the merits. In the

present case, Johnson asserts that his situation is functionally identical to the petitioner in *Poole*, and asks the Court to entertain the petition and reduce his sentence accordingly.

However, the *Poole* decision was reversed on direct appeal. In *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), the Fourth Circuit held that the Maryland district court's order to keep the petitioner detained in Maryland while it heard his Section 2255 motion did not place him in "custody" for purposes of his subsequently-filed Section 2241 petition under Section 2241(c)(3), and that his custodian remained at all time the Kentucky warden. In the present case, because Johnson is incarcerated in Kentucky this defect is not present here.

However, the Fourth Circuit discussed at length this Court's opinion denying his Section 2241 petition filed in Kentucky because of a more fundamental defect: while the savings clause of Section 2255 extends to test the legality of a *conviction*, it does not reach the legality of a sentencing factor. *Id.* at 267 n.4 (*citing In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *see also Walden v. United States*, 2001 WL 549214 (6th Cir. 2001) (challenge to sentence enhanced under ACCA on ground that underlying state conviction was commuted by governor not cognizable in Section 2241 pursuant to the savings clause). Section 2255 is the proper avenue to challenge a federal sentence when a state conviction used to enhance a federal sentence is subsequently vacated, *Custis v. United States*, 511 U.S. 485, 487 (1994); *United States v. Thomas*, 42 F.3d 823, 824 (3rd Cir. 1994), and that remedy does not become inadequate or ineffective merely because petitioner has invoked that remedy but been denied relief. *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999). Because Section 2255's savings clause does not apply to Johnson's claim, it is not cognizable in Section 2241, and his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Johnson's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This July 28, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge